UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **Land and Buildings Located at 266 Wentworth Road,** ) | CIVIL NO. 06-CV-324-SM |
| **New Castle, New Hampshire, with all Appurtenances** ) | |
| **and Improvements Thereon, Owned by Erik Aspen** ) | |
| **and Elizabeth Aspen** ) | |
| ) | |
| **and** ) | |
| ) | |
| **Two Thousand Four Hundred Eighty Three** ) | |
| **($2,483.00) Dollars in U.S. Currency, More or Less,** ) | |
| **seized from Erik Aspen** ) | |
| ) | |
| **Defendants-in-rem.** ) | |
| ) | |

**ORDER FOR INTERLOCUTORY SALE OF LAND AND BUILDINGS
LOCATED AT 266 WENTWORTH ROAD, NEW CASTLE, NEW HAMPSHIRE**

Having reviewed the Motion for Interlocutory Sale of Land and Buildings Located at 266 Wentworth Road, New Castle, New Hampshire,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The defendant *in rem* real property, Land and Buildings Located at 266 Wentworth Road, New Castle, New Hampshire, with all Appurtenances and Improvements Thereon, Owned by Erik Aspen and Elizabeth Aspen Sager, shall be sold at an interlocutory sale pursuant to the terms set forth in the Motion for Interlocutory Sale;

2. Erik Aspen, Elizabeth Aspen Sager, and Ocwen Loan Servicing, LLC, will execute promptly any documents which may be required to complete the interlocutory sale of the defendant *in rem* real property;

3. The United States will obtain an appraisal for the defendant *in rem* real property;

4. Erik Aspen and Elizabeth Aspen Sager will select a qualified, licensed real estate broker to market and sell the defendant *in rem* real property, pursuant to a brokerage agreement for a term of at least 120 days, at a price to be determined by the broker and the owners of record of not less than 95 percent of the value of the defendant property shown on the appraisal;

5. Erik Aspen, through counsel, Richard N. Foley, Esquire, and Elizabeth Aspen Sager will notify the United States of all reasonable offers to purchase the defendant *in rem* real property;

6. If the highest offer to purchase obtained within the term of the brokerage agreement is less than 95 percent of the appraised value, the sale shall go forward only if the United States and all parties in interest agree to the sale. However, if an offer to purchase is received for a figure of 95 percent or more of the appraised value, the broker and the owners of record may enter into a sales contract without prior consent of the United States and all parties in interest. The United States may, in its sole discretion, reject any offer to purchase the defendant *in rem* real property where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture;

7. The purchase price of the defendant *in rem* real property will be a cash price;

8. The net proceeds from the sale of the defendant *in rem* real property will include all money realized from the sale of the defendant *in rem* real property, except for the following expenses, which shall be paid at the time of closing from the proceeds of the sale:

   A. Real estate commissions, if any;

   B. The amounts due to lienholder, Ocwen Loan Servicing, LLC, pursuant to a mortgage evidenced by documents recorded in the official records of the Rockingham County NH Registry of Deeds at Book 4536, Page 2836;

   C. Real estate property taxes which are due and owing;

   D. Insurance costs, if any;

   E. Escrow fees;

   F. Document recording fees not paid by the buyer;

   G. Title fees;

   H. Transfer taxes.

9. The net proceeds realized from the sale of the defendant *in rem* real property shall be provided as a "substitute *res*" for the defendant *in rem* real property named in this lawsuit, and *at the time of the closing,* shall be paid into an escrow account of the United States Marshals Service pending further order of the Court;

10. Erik Aspen and Elizabeth Aspen Sager will retain custody, control, and responsibility for the defendant *in rem* real property, will retain existing hazard and homeowners' insurance on the defendant *in rem* real property, will maintain the structure and grounds in a manner consistent with offering the property for sale, and will keep current on all expenses

required by federal, state and local law (including real property taxes) for a period of up to 120 days  from the date of this order or until the interlocutory sale has been completed, whichever occurs earlier.

Dated:  September 7, 2007

/s/  Steven J. McAuliffe
_____
Chief Judge, U.S. District Court

cc:  Robert Rabuck, AUSA
     John Barker, Esq.
     Richard Foley, Esq.
     Elizabeth Sager, pro se